**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and ACTING COMMISSIONER KEVIN K. MCALEENAN, <br><br> **Defendants.** | **Before: Jennifer Choe-Groves, Judge** <br><br> **Court No. 18-00200** |

## PROTECTIVE ORDER

Upon consideration of Plaintiff's Emergency Motion for Protective Order, ECF No. 7, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff's motion is granted with the following terms:

1.      For purposes of this Order, "documents" shall mean all written, recorded or graphic matter of any nature whatsoever, including, but not limited to: interrogatory answers and documents produced by a party in this action; transcripts of and exhibits to depositions taken in this action; and any portions of any documents filed in this action which quote from or summarize any of the foregoing documents.

2a.      For purposes of this Order, "Confidential Document[s]" shall mean all documents which are designated as "Confidential" by the representation of counsel for the producing party at the time of furnishing copies in connection with this action.  Such designation is to be made by

Case 1:18-cv-00200-JCG   Document 13   Filed 09/14/18   Page 2 of 6

Court No. 18-00200                                                                     Page 2

stamping or otherwise inscribing the word "Confidential" upon the document itself.  When a

document contains information which is non-confidential, the producing party will make a

reasonable effort to segregate the confidential portions by clearly identifying the specific pages

and/or portions thereof which are confidential.  Those portions which are not confidential shall

not be restricted by this Order.  No document or information may be designated as

"Confidential" which was made available to the general public.

2b.     Those pages furnished to the receiving party which are not stamped shall not be

treated as confidential unless the cover page contains the additional statement that the entire

document is confidential.  A cover page which is stamped "Confidential" will not be treated as

confidential unless it contains the additional statement that "This page is confidential."

2c.     With respect to deposition testimony, counsel for the producing party may, on the

record of the deposition or by written notice to counsel for all parties no later than 72 hours after

receipt of a deposition transcript, designate all or any portion thereof as "Confidential" in

accordance with the terms of this Protective Order.  All copies of deposition transcript that

contain confidential matter shall be prominently marked "Confidential" on the cover thereof and,

if and when filed with the Clerk of the Court, shall be filed under seal, as provided by Rule

81(h), Rules of the Court of International Trade.

3.     Persons receiving Confidential Documents pursuant to this Protective Order shall

not make use of or disclose any of it for any purpose other than the defense of this action.

Nothing in this Protective Order precludes either party from using material produced by the other

party in this action and designated as "Confidential," if such material was obtained

independently of this action.

4.        Confidential Documents may be referred to in interrogatory answers, motions,

and briefs, and may be marked as deposition or trial exhibits in this action; provided, however,

that no Confidential Document shall be used for any of these purposes unless it, or the portion of

the Court paper which discloses the contents of any such documents, is appropriately marked and

separately filed under seal with the Clerk of the Court, in accordance with the provisions of Rule

81(h), Rules of the United States Court of International Trade.

5.        Except with the prior written consent of the producing party, or as set forth in

paragraph 4, no document designated as Confidential and no information contained therein may

be disclosed to any person other than:

A.        Counsel for a party in this action who is engaged in the conduct or

preparation of this action or any appeal from a decision in this action.

B.        Secretaries, paralegal assistants, and clerical personnel who are engaged in

assisting counsel (as described in subparagraph A) in the preparation of this action.

C.        Employees of a party in this action (other than those described in

subparagraphs A and B) who are engaged in assisting counsel in the conduct of this action.

D.        Authorized personnel of the Court of International Trade.

E.        Those persons specified in paragraph 6 who meet the conditions of

paragraph 6 and paragraph 7.

6.        Confidential Documents may be shown to third party consultants and experts,

who sign a certification stating they are independent of all manufacturers of competitive

merchandise, who are retained for the purpose of assisting in the preparation of this action on the

condition that, before making disclosure, the disclosing party must obtain an agreement in

writing to be bound by the provisions of this Order (in the form of Exhibit A hereto) from such

consultant, expert or other third party.  Confidential Documents may be shown to third party

consultants and experts who are affiliated with manufacturers of competitive merchandise, only

with prior written consent of the producing party, or upon order of the Court.

7.      Except for persons described in paragraph 5, subparagraphs (A), (B) and (D)

counsel for a party in this action, secretaries, paralegal assistants, and clerical personnel who are

engaged in assisting such counsel in the preparation of this action, and authorized Court

Personnel), no person authorized under the provisions of this Order to receive access to

Confidential Documents shall be granted access to them until such person has read this Order

and agrees in writing to be bound by its provisions (in the form attached as Exhibit A) and

counsel for the disclosing party shall be responsible for maintaining a list of all such persons to

whom such documents are disclosed as well as copies of agreements signed by them.  For good

cause shown, such list and agreements shall be made available for inspection by counsel for the

producing party on order of the Court.

8.      In the event the receiving party disagrees with the producing party's designation

of confidentiality with respect to particular information or documentation, the receiving party

shall so advise the producing party, and the producing party shall thereupon have fourteen (14)

days in which to withdraw the claim to confidentiality or otherwise resolve the disagreement, or

move the Court to resolve the disagreement.  During the pendency of any such motion, the

receiving party shall not disclose the information or documentation that is the subject of said

motion.

9.      Upon conclusion of this litigation, including such appellate review as may occur,

documents designated Confidential and all copies of same (other than exhibits of record) shall be

destroyed by the receiving party; or alternatively, if requested by the producing party, such

documents and copies (other than exhibits of record) shall be returned to the producing party at

their request, other than copies containing work notes of counsel or other authorized persons,

which shall be destroyed.

      10.     Upon motion of any party herein and for good cause shown, the Court may

modify the terms of this Order.


                   /s/ Jennifer Choe-Groves
                   Jennifer Choe-Groves, Judge


Dated:   September 14, 2018
        New York, New York

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, in connection with <u>One World Technologies Inc.</u>

<u>v. United States of America, et al.</u>, Court No. 18-cv-200, hereby acknowledges that he or she has

received a copy of the Protective Order entered in that action has read same and agrees to be

bound by all of the provisions thereof and to submit to the jurisdiction of the Unites States Court

of International Trade.

Dated: _____                                          Signature: _____