UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., | : |
| Plaintiff, | : Court No. 18-00200 |
| v. | : |
| UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, | : |
| Defendants. | : |

## **DEFENDANTS' SUPPLEMENTAL SUBMISSION OF OCTOBER 4, 2018**

As permitted by the Court's letter of September 27, 2018 (ECF no. 29), Defendants, United States et al. (Government), submit this short supplement to the Government's *Memorandum In Support Of Its Motion To Stay And In Opposition To Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction* (ECF no. 21). As outlined in the Government's *Motion For Entry Of A Scheduling Order* (ECF no. 32), plaintiff, One World Technologies, Inc. (One World) brought this action under 28 U.S.C. § 1581(a), which requires *de novo* review based on the record made before the Court.[1] To present a full defense against One World's claims and provide the Court with

---

[1] One World recently amended its complaint to add a jurisdictional contention under 28 U.S.C. § 1581(h), in addition to its claim under section 1581(a). The Government disputes that One World has made a showing of irreparable harm, as required for subject matter jurisdiction under § 1581(h). *See CannaKorp, Inc. v. United States*, 234 F. Supp. 3d 1345, 1349-50 (Ct. Int'l Trade 2017) ("The 'standard for proving irreparable harm [in a § 1581(h) case] is essentially identical to that used to determine irreparable injury in cases where injunctive relief is sought.' . . . Plaintiff must

a judicial record from which to analyze those claims requires fact-finding through discovery, as specifically permitted under the Court's Rules. *See* USCIT Rules 26-37.

Without discovery, both the Government and this Court have only One World's representations regarding its redesigned products, the scope of the relevant patent, and allegations of harm caused by exclusion of its merchandise. And without discovery, the Government is severely disadvantaged in rebutting the evidence that One World submitted to support its positon that CBP conducted a flawed patent infringement analysis, and thereby incorrectly determined the scope of the limited exclusion order (LEO) issued by the U.S. International Trade Commission (Commission or ITC).[2]

At the preliminary injunction hearing, One World relied heavily on the testimony of its expert witness, Mr. Stewart Lipoff, who provided highly technical opinions regarding the operation of One World's redesigned garage door openers (GDOs) and whether they infringe the relevant patent claims. But the Government did not receive any prior notice of the opinions that Mr. Lipoff would express at the hearing, or the "basis and reasons for them," as required by USCIT R. 26(a)(2)(B). The Government learned of Mr. Lipoff's identity only one day before the September 25th hearing. And the Government still has had no opportunity to review any of the documents forming the

---

demonstrate, with clear and convincing evidence, that 'the harm is highly probable.' . . . Critically, irreparable harm may not be speculative . . . or determined by surmise." (citations omitted)).

    [2] Because One World's claims challenge the scope of the ITC's LEO, we submit that this Court should give deference to the ITC's interpretation of the scope of its own LEO. At One World's request, the ITC has already instituted a modification proceeding to determine the scope of the LEO and will issue a determination by March 2019. *See Am. Compl.* ¶¶ 37-39, Pl. Exh. G, and Def. Exh. 11.

basis for Mr. Lipoff's testimony regarding the operation of One World's redesigned GDOs, or to retain its own expert who could rebut Mr. Lipoff's opinions.

Because the Government has not yet responded to One World's amended complaint or retained an expert, and the parties have not yet exchanged initial disclosures, or conducted written discovery and depositions, we are constrained in our briefing here. We submit that, if the Government's pending motion to stay is denied, then the judicial record before this Court should be supplemented consonant with the scope of discovery agreed to by One World and The Chamberlain Group, Inc. (Chamberlain), the owner of the patent at issue, in the ongoing ITC modification proceedings on the very same issues. On September 28, 2018, One World and Chamberlain filed a joint discovery statement acknowledging the need for further fact and expert discovery concerning, *inter alia*, the structure, function and operation of One World's redesigned garage door openers. Def. Exh. 10 (ECF 32-4 at 9), Joint Discovery Statement Exhibit A ¶ 2 (Sept. 28, 2018).

Consolidation of the preliminary injunction hearing with a trial on the merits pursuant to USCIT R. 65(a)(2), when the Government has not yet responded to One World's complaint, retained an expert, or taken discovery would substantially prejudice our ability to defend this case. Nonetheless, even with the extremely limited time and resources available to us within the schedule set forth in the Court's September 27, 2018 letter, there is a basis upon which the Court may and should enter judgment for defendants. Specifically, the Court should defer to the two well-reasoned Customs rulings underlying CBP's decision to exclude One World's merchandise.

# ARGUMENT

## THE CUSTOMS RULINGS ARE ENTITLED TO DEFERENCE

While a Customs decision does not enjoy a statutory presumption of correctness on questions of law, it may be entitled to respect proportional to its power to persuade. *Deckers Outdoor Corp. v. United States*, 714 F.3d 1363, 1375 (Fed. Cir. 2013), citing *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) and *United States v. Mead Corp.*, 533 U.S. 218 (2001). In particular, a Customs decision is entitled to deference commensurate with "its writer's thoroughness, logic, and expertness, its fit with prior interpretations, and any other sources of weight." *Mead*, 533 U.S. at 235. The degree of deference the Court accords "will depend upon the thoroughness evident in [Customs'] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore*, 323 U.S. at 140.

Here, the two rulings issued by the Intellectual Property Rights Branch at CBP headquarters in Washington, D.C. are formal, thorough, well-reasoned, and persuasive. The first ruling, HQ H295697 (July 20, 2018) was issued in response to a request by One World for a determination as to whether its redesigned GDOs falls within the scope of the LEO by infringing U.S. Patent No. 7,161,319 (the '319 patent). The request came in the form of a 20-page brief that included eighteen exhibits. To ensure that it had all relevant information before issuing a responsive ruling, Customs permitted Chamberlain, the owner of the '319 patent, to respond to the arguments made by One World. Chamberlain's brief consumed sixteen pages and included eleven exhibits. Thereafter,

One World submitted a reply brief and Chamberlain submitted a sur-reply. Following this briefing, CBP held a hearing in which both One World and Chamberlain participated. Pl. Exh. M. Both One World and Chamberlain submitted post-hearing briefs with multiple additional exhibits. The voluminous administrative record of over 2,100 pages created by the parties was considered by CBP for nearly four months before the first ruling was issued. The second ruling, HQ H300129 (September 7, 2018), was issued in response to One World's protest against the exclusion of its merchandise and follows the reasoning of the first ruling.

Because the CBP headquarters branch responsible for these rulings includes several registered patent attorneys who specialize in intellectual property matters, the process undertaken by CBP in issuing these rulings was extremely thorough and fair to both the ruling requester and the patent holder. Moreover the rulings themselves are lengthy and comprehensive, addressing every point raised by One World during the administrative process. As a result, the Court should find that the rulings are highly persuasive and entitled to significant deference.

As set forth in CBP's rulings, because ITC exclusion orders are presumed to cover redesigned products, the burden is on One World to establish that its redesigned products do not infringe any of claims 1-4, 7-12, 15, and 16 of the '319 patent. *See* HQ H295697 at 23-24 (July 20, 2018) and HQ H300129 at 34 (September 7, 2018), citing *Hyundai Elecs. Indus. Co. v. U.S. Int'l Trade Comm'n*, 899 F.2d 1204, 1210 (Fed. Cir. 1990). All of the arguments on the merits that One World has raised here in support of its motion for temporary restraining order and preliminary injunction were

comprehensively addressed by CBP in determining that One World had not met its burden.

Specifically, CBP: 1) determined that One World made admissions supporting the conclusion that the redesigned GDOs meet every element of the relevant patent claims and failed to establish that its redesigned GDOs do not meet the language of the relevant patent claims as construed by the ITC; and 2) fully considered and addressed One World's claim construction arguments relating to judicial estoppel and preserving the validity of the relevant patent.

With respect to the first point, One World's admissions before CBP confirm that the combination of components identified in CBP's rulings fully meets the language of the relevant patent claim limitations, as properly construed by the ITC. *See* HQ H300129 at 34-36. One World attempts to sidestep these admissions by incorrectly arguing that CBP's Intellectual Property Rights Branch determined that the pair of wires that extends from the wireless receiver to the head unit, alone, meets the limitation in Claims 1 and 9 of the '319 patent of "said microcontroller [controller] of said motor drive unit being connected to the microcontroller [controller] of the wall console by means of a digital data bus." *Pl.'s Mem. In Support Of Its Mot. For Temporary Restraining Order And Preliminary Injunction* (Pl. Mem.) at 20-23 (ECF no. 6). Rather, CBP found that the combination of: (a) the wireless receiver magnetically attached to the head unit; (b) the pair of wires that extends from the wireless receiver to the head unit; and (c) the wireless wall-mounted keypad, meet the limitation in Claims 1 and 9 of the '319 patent of "said microcontroller [controller] of said motor drive unit being connected to the

microcontroller [controller] of the wall console by means of a digital data bus." *See* HQ H300129 at 34-36.

With respect to the second point, CBP did not ignore any "judicial admissions" made by Chamberlain. Pl. Mem. at 11-12. CBP fully considered, and found unpersuasive, all of the estoppel arguments raised by One World. HQ H300129 at 36-38; HQ H295697 at 30-35. CBP properly determined that because the claims of the '319 patent are not ambiguous, One World's arguments relating to claim construction and the scope of the prior art fail as the axiom of construing claims to preserve their validity is inapplicable when the claims are not ambiguous. *See* HQ H295697 at pp. 32-34; HQ H300129 at 38; *See, e.g., Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 911 (Fed. Cir. 2004) (noting that "unless the court concludes, after applying all the available tools of claim construction, that the claim is still ambiguous, the axiom regarding the construction to preserve the validity of the claim does not apply."); *see also Hill-Rom Servs., Inc. v. Stryker Corp.,* 755 F.3d 1367, 1374 (Fed. Cir. 2014) ("Where the meaning of a claim term is clear . . . we do not rewrite a claim to preserve its validity.").

One World did not present arguments before the ITC, CBP, or any other forum that the claims of the '319 patent are ambiguous, or that the phrase "digital data bus" in Claims 1 and 9 is ambiguous. *See* HQ H295697 at 34. With respect to the prosecution history of the '319 patent, CBP fully considered One World's arguments, but determined that the portion of the prosecution history cited by One World does not rise to the level of a clear and unmistakable disavowal or disclaimer that would be required to limit the

7

scope of the claims, and thus declined to adopt a more narrow interpretation of the claims than that adopted by the ITC. *See* HQ H295697 at 30-31.

"[W]hile CBP is bound by the conclusions of law reached by the Commission, including those relating to claim construction, CBP makes its own, independent determinations as to how to apply those conclusions of law to the distinct set of facts before CBP as part of the ruling request." HQ H295697 at 29. Accordingly, while CBP "applied the Commission's conclusion of law as to the construction of the term 'digital data bus,'" CBP did not "engage in a mechanical application of that conclusion of law to the new set of facts that are now before us in this ruling." *Id*. Rather, CBP's determination that the redesigned GDOs "meet [the limitation at issue] of claims 1 and 9 of the '319 patent [was] based on resolving the mixed question of law and fact that patent infringement presents by way of the long standing, well established two-step process." *Id.* at 29-30, citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*) (setting forth the two-step infringement analysis: 1) determine the scope and meaning of the patent claims asserted; and 2) compare the properly construed claims to the allegedly infringing device.).

CBP's rulings in this matter reflect careful and methodical consideration of the '319 patent, the ITC's determinations, and the submissions of One World and Chamberlain. Consequently, the rulings are logical, persuasive, and thorough, and are entitled to *Skidmore* deference.

8

**CONCLUSION**

For the reasons provided herein and in our filing of September 21, 2018 (ECF no. 21), defendants respectfully request that the Court enter judgment in favor of the Government based on CBP's rulings, and affirm the exclusion of Entry No. 442-7562999-4. In the alternative, defendants respectfully request that the Court grant our motion for entry of a scheduling order (ECF no. 32).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

/s/ Amy M. Rubin
By: AMY M. RUBIN
Assistant Director
International Trade Field Office

/s/ Edward F. Kenny
EDWARD F. KENNY
GUY EDDON
Trial Attorneys
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 0480
*Attorneys for Defendants*

Dated: October 4, 2018

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: JENNIFER CHOE-GROVES, JUDGE

_____
|                                          : |
| ONE WORLD TECHNOLOGIES, INC.,            : |
|                                          : |
|                  Plaintiff,              :    Court No. 18-00200
|                                          : |
|        v.                                : |
|                                          : |
| UNITED STATES, UNITED STATES             : |
| DEPARTMENT OF HOMELAND SECURITY,         : |
| UNITED STATES CUSTOMS AND BORDER         : |
| PROTECTION, and COMMISSIONER KEVIN K.    : |
| MCALEENAN,                               : |
|                                          : |
|                  Defendants.             : |
|_____:_|

# CERTIFICATE OF COMPLIANCE

I, Guy Eddon, a Trial Attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's *Supplemental Submission Of October 4, 2018*, relying upon the word count feature of the word processing program used to prepare the motion, certify that this brief complies with the word count limitation under the Court's chambers procedures, and contains 2,246 words.

/s/ Guy Eddon