**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: HONORABLE JENNIFER CHOE-GROVES

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., <br><br>                 Plaintiff, <br><br>    *v.* <br><br> UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, <br><br>                Defendants. | Court No. 18-0200 |

## <u>ORDER</u>

Upon consideration of the Motion of the U.S. International Trade Commission to Dismiss

One World's Declaratory Judgment Claim, and all other pertinent papers, it is hereby:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that Count II of the Amended Complaint is dismissed with prejudice; and it

is further

**ORDERED** that the Court's exercise of jurisdiction as to Count I of the Amended

Complaint is limited to the jurisdiction provided by 28 U.S.C. § 1581(a).


                                   _____
                                   UNITED STATES JUDGE


Date: _____, 2018
      New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE:  HONORABLE JENNIFER CHOE-GROVES

|  |  |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> *v.* <br><br> UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, <br><br> Defendants. | Court No. 18-0200 |

## U.S. INTERNATIONAL TRADE COMMISSION'S PARTIAL MOTION TO DISMISS

The U.S. International Trade Commission ("Commission" or "ITC")[1] respectfully moves to dismiss Plaintiff One World Technologies, Inc.'s ("One World's") declaratory judgment claim (Amended Complaint, Count II), as well as any other such exercise of jurisdiction under 28 U.S.C. § 1581(h), for lack of subject matter jurisdiction pursuant to CIT Rule 12(b)(1), and in the alternative, under the primary jurisdiction doctrine.

Dated: October 12, 2018

By:   /s/ Sidney A. Rosenzweig
DOMINIC L. BIANCHI
General Counsel
SIDNEY A. ROSENZWEIG
Acting Assistant General Counsel
U.S. International Trade Commission
Office of the General Counsel
500 E Street, S.W.
Washington, D.C.  20436
Phone:  202-708-2532
E-mail:  sidney.rosenzweig@usitc.gov

---

[1]  The Commission has respectfully moved to intervene in a separate motion, pursuant to CIT Rule 24(a), (b).

**TABLE OF CONTENTS**

I.   STATEMENT OF INTEREST .................................................................................. 1

II.   BACKGROUND ...................................................................................................... 3

III.   ARGUMENT ........................................................................................................... 7

   A.   This Court Lacks Subject Matter Jurisdiction................................................. 7

      1.   This Court Lacks Jurisdiction Under 28 U.S.C. § 1581(h) ......................... 7

      2.   One World Has Failed to Show Irreparable Harm Under
28 U.S.C. § 1581(h)................................................................................... 12

   B.   This Court Should Dismiss the Declaratory Judgment Count on the
Basis of Primary Jurisdiction ........................................................................ 15

IV.   CONCLUSION ...................................................................................................... 20

# **TABLE OF AUTHORITIES**

## **Cases**

*A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213 (Fed. Cir. 2010) .............................. 10

*Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331 (Fed. Cir. 2006) ........................ 14

*Allnet Commc'n Serv., Inc. v. National Exch. Carrier Ass'n*,
   965 F.2d 1118 (D.C. Cir. 1992) ................................................................. 10, 16, 19

*American Ass'n of Cruise Passengers v. Cunard Line, Ltd.*,
   31 F.3d 1184 (D.C. Cir. 1994) ..................................................................... 15

*Cisco Sys., Inc. v. Int'l Trade Comm'n*, 873 F.3d 1354 (Fed. Cir. 2017) .................... 17

*CPC Int'l, Inc. v. United States*, 896 F. Supp. 1240 (Ct. Int'l Trade 1995) ................ 13

*Crucible Materials Corp. v. U.S. Int'l Trade Comm'n*, 127 F.3d 1057 (Fed. Cir. 1997).............. 8

*DaimlerChrysler Corp. v. United States*, 442 F.3d 1313 (Fed. Cir. 2006)..................... 7

*Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337 (Fed. Cir. 2011) .......... 10

*Eaton Corp. v. United States*, 395 F. Supp. 2d 1314 (Ct. Int'l Trade 2005) ......... 12, 18

*FTC v. Ruberoid Co.*, 343 U.S. 470 (1952). ......................................................... 17

*Hartford Fire Ins. Co. v. United States*, 273 F. Supp. 3d 1212 (Ct. Int'l Trade 2017)................ 7

*Hyundai Elecs. Indus. Co. v. U.S. Int'l Trade Comm'n*, 899 F.2d 1204 (Fed. Cir. 1990)........... 17

*Jacob Siegel Co. v. FTC*, 327 U.S. 608 (1946)................................................. 17

*Jazz Photo Corp. v. United States*, 439 F.3d 1344 (Fed. Cir. 2006)........................... 10

*Manufacture de Machines du Haut-Rhin v. von Raab ("Manurhin")*,
   569 F. Supp. 877 (Ct. Int'l Trade 1983) ..................................................... 12, 13

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191 (2014) ................... 10

*Milecrest Corp. v. United States*, 264 F. Supp. 3d 1353 (Ct. Int'l Trade 2017)........... 12

*Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290 (1976) ..................................... 16

*Otter Prods., LLC v. United States*, 37 F. Supp. 3d 1306 (Ct. Int'l Trade 2014) ............ 12, 13, 15

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511 (Fed. Cir. 1990) ................ 13

*Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)........................................ 9, 10

*Total Telecomms. Servs., Inc. v. American Tel. & Tel. Co.*,
   919 F. Supp. 472 (D.D.C. 1996)................................................................. 18

*Total Telecomms. Servs., Inc. v. American Tel. & Tel. Co.*,
   99 F.3d 448 (Table), 1996 WL 590872 (D.C. Cir. Oct. 4, 1996) ........................... 18

*United States v. Michigan Nat'l Corp.*, 419 U.S. 1 (1974)................................... 19

*Viscofan, S.A. v. U.S. Int'l Trade Comm'n*, 787 F.2d 544 (Fed. Cir. 1986) ................ 17

*Wisconsin Gas Co. v. FERC*, 758 F.2d 669 (D.C. Cir. 1985).................................. 13

**Statutes**

5 U.S.C. § 705 .................................................................................................. 9

19 U.S.C. § 1330 .............................................................................................. 1

19 U.S.C. § 1333 .............................................................................................. 2

19 U.S.C. § 1337 ....................................................................................... *passim*

19 U.S.C. § 1515 .............................................................................................. 8

28 U.S.C. § 1338 ............................................................................................ 11

28 U.S.C. § 1581(a) .................................................................................. *passim*

28 U.S.C. § 1581(h) .................................................................................. *passim*

28 U.S.C. § 2201 ............................................................................................ 10

28 U.S.C. § 2631 ............................................................................................ 12

**Regulations**

19 C.F.R. Part 174 ......................................................................................... 17

19 C.F.R. Part 177 ......................................................................................... 17

19 C.F.R. § 210.43 ......................................................................................... 11

19 C.F.R. § 210.76(c) ...................................................................................... 5

19 C.F.R. § 210.79 ......................................................................................... 19

**Rules**

CIT Rule 12(b)(1) ................................................................................. 1, 7, 20

**Other Authorities**

11A Charles Alan Wright et al., Federal Practice & Procedure (3d ed. 2013) ............................ 13

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: HONORABLE JENNIFER CHOE-GROVES

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., | |
| Plaintiff, | Court No. 18-0200 |
| *v.* | |
| UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF THE
## U.S. INTERNATIONAL TRADE COMMISSION'S PARTIAL MOTION TO DISMISS

As set forth herein, One World's declaratory judgment claim lacks subject matter jurisdiction because 28 U.S.C. § 1581(h) does not confer upon this Court the authority relied upon by One World. To the extent that such jurisdiction is found to exist, the primary jurisdiction doctrine requires courts to be cautious in the exercise of that jurisdiction when an agency with expertise in the issue presented for the court's review is available to adjudicate the same issue in the first instance. In the present case, the Commission is already adjudicating the very issues that One World has also presented to this Court.

## I.      STATEMENT OF INTEREST

The United States International Trade Commission is an independent, nonpartisan, agency composed of six Commissioners appointed by the President. 19 U.S.C. § 1330(a). Presently, one seat is vacant. The independence of the Commission is maintained by a statutory requirement that no more than three Commissioners be members of the same political party, *id.*, which, as a practical matter, means that the Commission is ordinarily composed of three

Democrats and three Republicans.  The Commission has independent litigating authority, 19 U.S.C. § 1333(g), and submits this motion and memorandum on its own behalf.

For more than ninety years, the Commission has been charged with investigating "unfair methods of competition and unfair acts in the importation of articles."  Tariff Act of 1922, Pub. L. No. 318, § 316, *codified as reenacted and amended at* 19 U.S.C. § 1337 ("section 337").  Since 1975, that has been through formal adjudication under the Administrative Procedure Act. *See* 5 U.S.C. § 1337(c); 5 U.S.C. § 554.  In that time, the Commission has adjudicated more than one thousand investigations alleging violations of section 337, nearly all of which, in whole or in part, allege patent infringement.  The Commission's administrative law judges (there are currently five ALJs, with an additional vacancy) adjudicate only section 337 investigations, and are recognized as experts in adjudicating patent infringement disputes.  The Commission maintains an Office of Unfair Import Investigations, which participates in many section 337 investigations as an independent investigator on behalf the U.S. public, and is comprised of 17 investigative attorneys who have technical backgrounds and extensive experience as patent litigators prior to their public service.  Each Commissioner has at least one attorney advisor to assist on section 337 investigations.  Approximately one dozen attorneys in the Commission's Office of the General Counsel specialize in section 337 investigations and defend the Commission's determinations in the U.S. Court of Appeals for the Federal Circuit, 19 U.S.C. § 1337(c).  All of these attorneys have technical degrees, and nearly all are registered to practice before the U.S. Patent and Trademark Office.

The Commission issued the limited exclusion order at issue in the present civil action, and is presently adjudicating One World's redesigned products, which One World first brought to the Commission for review in August 2018, more than four months after One World sought a

ruling from Customs. As discussed herein, the Commission has the exclusive statutory authority to modify its orders. 19 U.S.C. § 1337(k). In the present civil action, One World seeks the Court to adopt a claim construction different from what it agreed to in the underlying Commission investigation. As set forth below, to the extent that the Commission's order, as a result, warrants modification, it is the Commission that has been entrusted by Congress to modify it. Because the declaratory relief sought by One World is at odds with the Commission's expertise and Congress's intention as to the exercise of that expertise, the Commission respectfully requests that this Court dismiss Count II and any other assertion of jurisdiction under 28 U.S.C. § 1581(h).

## II.   <u>BACKGROUND</u>

One World's present cause of action is rooted in the Commission's investigation into *Certain Access Control Systems*, Inv. No. 337-TA-1016. The Commission instituted this investigation on August 9, 2016, based on a complaint filed by Chamberlain alleging that One World, Techtronic Industries Co., Techtronic Industries North America, Inc., OWT Industries, Inc., and ET Technology (Wuxi) Co. (collectively, "Techtronic") and other respondents were violating section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing, selling for importation, or selling in the United States after importation garage door openers that infringe the Chamberlain Group's (Chamberlain's) U.S. Patent No. 7,161,319 ("the '319 patent") and other patents.[2] 81 *Fed. Reg.* 52713 (Aug. 9, 2016).

In pertinent part, the presiding administrative law judge ("ALJ") held an evidentiary hearing on issues relating to the '319 patent on July 12-13, 2017. 83 *Fed. Reg.* 13517, 13518 (March 29, 2018). The ALJ found, and the Commission affirmed, that the asserted claims of the

---

[2] The other patents and respondents not named here are not relevant to this action or motion.

'319 patent are valid and infringed by Techtronic's accused GDOs, and Techtronic is in violation of section 337. *Id.* On March 23, 2018, the Commission issued a limited exclusion order and cease-and-desist orders to prevent Techtronic, including One World, from further importing or selling GDOs that infringe the '319 patent. *Id.* The Commission's final determination is presently on appeal to the U.S. Court of Appeals for the Federal Circuit as *The Chamberlain Group v. International Trade Comm'n*, Appeal Nos. 2018-2002, 2018-2191 (consolidated).

During the course of the Commission's investigation, Techtronic purportedly redesigned its accused GDOs in an attempt to avoid infringement of the '319 patent. *See* Am. Compl., ¶ 21. Rather than bring its redesigned GDOs to the attention of the Commission, however, Techtronic contacted Customs on March 30, 2018, to request an administrative ruling as to whether its redesigned GDOs infringe the '319 patent and are covered by the limited exclusion order. *Id.*, ¶ 33. On July 20, 2018, Customs issued its ruling, finding that Techtronic's redesigned GDOs infringe the '319 patent and are covered by the exclusion order. *Id.*, ¶ 33.

While Customs was still analyzing the redesigned GDOs for infringement, One World admittedly exported from China a shipment of 936 of its redesigned GDOs to the United States on or about May 12, 2018. *Id.*, ¶ 53. On or about June 29, 2018, Customs excluded the shipment of redesigned GDOs pursuant to the Commission's limited exclusion order. *Id.*, ¶¶ 40, 54. One World filed a protest on August 10, 2018, which Customs denied by letter dated September 7, 2018. *Id.*, ¶¶ 41-42, 55-56. One World is seeking judicial review of Customs' denial of its protest, pursuant to 19 U.S.C. § 1581(a). Am. Compl., ¶¶ 3, 53-61 (Count I, "Contesting Denial of Protests"). In addition, One World is seeking to invoke this Court's jurisdiction under 19 U.S.C. § 1581(h) to obtain a declaratory judgment that its redesigned GDOs, including those that have not yet been shipped to the United States, do not infringe the

'319 patent, and that, as to those future products, the patent claims are invalid under Customs' interpretation. Am. Compl., ¶¶ 3, 62-64 (Count II, "Declaratory Judgment").

On August 2, 2018, Techtronic filed a petition with the Commission to institute a modification proceeding to determine whether its redesigned GDOs infringe the '319 patent and are covered by the remedial orders. 83 *Fed. Reg*. 45676-77 (Sept. 10, 2018). Chamberlain opposed the petition. On September 10, 2018, the Commission determined to grant Techtronic's petition, delegated the modification proceeding to the Chief ALJ, and directed that he issue a recommended determination within six (6) months, *i.e.*, by March 11, 2019. *Id.* The Chief ALJ issued a procedural schedule on September 24, in which he stated that fact discovery will be completed by October 19; expert discovery (including expert reports) will be completed by November 12; prehearing briefs, motions, exhibit lists and other materials will be due by December 7; a hearing will be held on December 12-13; post-hearing briefing will be concluded by January 7, 2019; and a recommended determination will be issued by March 11, 2019. Order No. 40 (EDIS Doc. ID No. 656673). On September 28, the parties submitted a Joint Discovery Statement, which recognizes the need for further fact and expert discovery on, *inter alia*, the structure, function, and operation of the redesigned GDOs. Joint Discovery Statement Ex. A ¶ 2 (Sept. 28, 2018) (EDIS Doc. ID No. 657220). Further proceedings before the Commission, including the parties' comments on the recommended determination, any further briefing solicited by the Commission, and the Commission's final determination are expected to complete within two to three months thereafter, *i.e.*, by mid-June 2019. *See* 19 C.F.R. § 210.76(c).

Despite having been granted its request for a modification proceeding, Techtronic has repeatedly pursued other means to avoid the Commission's limited exclusion order. On September 12, 2018 – only 2 days after the Commission agreed to grant its request – Techtronic

filed a motion in the Federal Circuit to stay the Commission's remedial orders with respect to its redesigned GDOs at least until the Commission concludes its modification proceeding. Techtronic filed essentially the same motion in the Commission the following day, on September 13. On October 10, 2018, the Commission issued a notice that it had determined to deny Techtronic's motion for a stay because its "allegations of irreparable harm are both insufficient and too speculative to support a stay." Comm'n Notice of Determination to Deny Respondents' Motion for Partial Stay of Remedial Orders, Inv. No. 337-TA-1016 (Oct. 10, 2018) (EDIS Doc. ID No. 658497) (attached hereto as Ex. 1). The Commission further found, "Techtronics has also failed to demonstrate that the balance of hardships tip in its favor, and that the public interest supports the extraordinary relief of a stay." *Id.* The Commission advised the Federal Circuit of its determination to deny Techtronic's stay motion by letter dated October 10, 2018. At the time of this writing, the Federal Circuit has not yet decided whether to grant or deny Techtronic's stay motion in that court.

One World's present claim for declaratory relief and motions for a temporary restraining order and preliminary injunction ("TRO/PI") represent other means by which One World and the other Techtronic Respondents are seeking to evade or collaterally attack the Commission's limited exclusion order, particularly with respect to its redesigned GDOs that have not yet been imported. In addition to seeking judicial review of Customs' denial of entry of those products One World has thus far attempted to import (Count I), One World is seeking a declaratory judgment that its redesigned GDOs do not infringe the '319 patent or that the relevant claims of the '319 patent would be invalid over the prior art if they are interpreted to cover the redesigned GDOs (Count II). *See* Am. Compl., ¶¶ 53-61 (Count I) and 64-66 (Count II). One World contends that declaratory judgment, if granted, "will provide One World with certainty that it can

continue to import the Redesigned GDOs at issue in this case without further improper exclusion of these goods by CBP." *Id.*, ¶ 64 (Count II). One World is seeking an expedited determination on its claim for declaratory relief through its TRO/PI motion.

## III. <u>ARGUMENT</u>

The Commission moves to dismiss One World's claim for declaratory judgment (Count II) for lack of subject matter jurisdiction, *see* CIT Rule 12(b)(1), and in the alternative, under the doctrine of primary jurisdiction.

### A. <u>This Court Lacks Subject Matter Jurisdiction</u>

#### 1. <u>This Court Lacks Jurisdiction Under 28 U.S.C. § 1581(h)</u>

The U.S. Court of International Trade, like all federal courts, is a court of limited jurisdiction and thus "presumed to be without jurisdiction unless the contrary appears affirmatively from the record." *Hartford Fire Ins. Co. v. United States*, 273 F. Supp. 3d 1212, 1218 (Ct. Int'l Trade 2017) (quoting *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (internal quotation omitted)). The party invoking jurisdiction "must allege sufficient facts to establish the court's jurisdiction" and therefore "bears the burden of establishing it." *Id.* (quotations omitted). This Court must draw all reasonable inferences in favor of the non-movant when deciding a motion to dismiss for lack of jurisdiction. *Id.*

In this case, One World contends that this Court has subject matter jurisdiction over its two claims pursuant to 28 U.S.C. § 1581(a) and (h). Am. Compl., ¶ 3. Although One World does not expressly identify which section supports which claim, section 1581(a) gives this Court jurisdiction only over One World's claim contesting Customs' denial of its protest pursuant to 19

U.S.C. § 1515.[3]  28 U.S.C. § 1581(a); Am. Compl., ¶¶ 3, 53-61 (Count I).  Even as to One World's Customs protest, this Court, as a court of review, in reviewing the propriety of Customs' determination, is confined to award such relief only as to the same scope, and with the same circumscriptions, as Customs below.

Section 1581(a) is inapplicable to One World's declaratory judgment claim because that section gives this Court no authority to review rulings on products that have yet to be imported. One World's declaratory judgment claim rests instead on section 1581(h), which gives this Court exclusive jurisdiction over certain civil actions that may be commenced prior to the importation of the goods in question.  28 U.S.C. § 1581(h); Am. Compl., ¶¶ 3, 64-66 (Count II).

One World's claims as to future imports are plainly within the specific scope of section 337, the Commission's organic statute.  Congress has determined that "any exclusion from entry or order under this section shall continue in effect until *the Commission finds* . . . that the conditions which led to such exclusion from entry or order no longer exist."  19 U.S.C. § 1337(k)(1) (emphasis added).  Congress has specifically provided that the Commission adjudicate requests for modification of Commission orders.  *Id.* § 1337(k)(2).  Judicial review of such determinations is available only by direct review in the U.S. Court of Appeals for the Federal Circuit.  *Id.* § 1337(c); *see Crucible Materials Corp. v. U.S. Int'l Trade Comm'n*, 127 F.3d 1057, 1060 (Fed. Cir. 1997).

Under these circumstances, where the Commission is provided with sole authority to adjudicate the modification of its orders, this Court lacks the authority to challenge the validity of the Commission exclusion order or to modify it, whether under section 1581(h) or any other

---

[3]  The Commission has not moved to intervene with respect to 28 U.S.C. § 1581(a).  *See* 28 U.S.C. § 2631(a), (j)(1)(A).

statute. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994) is directly on point. In that case, the Supreme Court held that the district courts lack subject-matter jurisdiction over a pre-enforcement challenge to the Federal Mine Safety and Health Amendments Act of 1977. *Id.* at 202. In concluding that the district courts lack jurisdiction, the Supreme Court stated that it "shall find that Congress has allocated initial responsibility to an administrative body where such intent is fairly discernable in the statutory scheme." *Id.* at 207 (quotations omitted). To do so, the Court looks to "the statute's language, structure, and purpose, its legislative history, . . . and whether the claims can be afforded meaningful review." *Id.* Similar to *Thunder Basin*, *id.* at 207-08, the Commission conducts formal adjudications assigned to administrative law judges (as in the present case), 19 U.S.C. § 1337(c); has the exclusive authority to assess civil penalties for the violation of Commission orders, *id.* § 1337(f)(2); grants relief from its orders according to certain statutory public interest factors, *id.* § 1337(d)(1), (f)(1); and has the authority to "postpone the effective date of action taken by it, pending judicial review," 5 U.S.C. § 705. As discussed above, the Commission also has the authority to modify its orders under 19 U.S.C. § 1337(k). One World recently (but belatedly) availed itself of that very process.

Section 1581(h) provides this Court with general authority as to Customs rulings, but with no specific application to the decisions of the Commission. The relief sought by One World, which would require interpretation of the Commission's remedial orders "fall[s] squarely within the Commission's expertise." *Thunder Basin*, 510 U.S. at 214. There is no reason why the Commission's expertise should not be "brought to bear" on the questions presented by One World in this Court, *id.* at 215, particularly since the Commission has already interpreted the patent in question as part of its original investigation, issued the limited exclusion order, and is presently conducting modification proceedings (at One World's request) to determine whether

One World's allegedly redesigned products infringe the patent and are covered by the limited exclusion order. Nothing in the jurisdictional provisions for this Court suggest that Congress intended parties to be able to invoke section 1581(h) to collaterally attack Commission determinations in this Court and thereby to "evade the statutory-review process," *Thunder Basin*, 510 U.S. at 216, whereby Commission determinations are reviewed directly by the Federal Circuit.

That Congress has seen fit to deprive the patentee (and the Commission) the ability to intervene in section 1581(a) civil actions further demonstrates the limits intended by Congress on this Court. As the Federal Circuit has explained: "It is well established that a patentee is a necessary party to an action on the patent, whether it be a coercive action or a declaratory judgment suit." *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1342 (Fed. Cir. 2011); *see also A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1217 (Fed. Cir. 2010). That Congress, in section 1581(a), adopted a narrow exception to this rule in connection with Customs protests in this Court, *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1357 (Fed. Cir. 2006), demonstrates that Congress did not intend section 1581(a) to be the bootstrap by which this Court would exercise potentially broad declaratory judgment jurisdiction under section 1581(h) or on any other basis. As the Supreme Court has recognized, "the Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts."[4] *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014) (quotation omitted). By accepting One World's invitation to issue declarations of patent noninfringement and invalidity, this

---

[4] In addition, "declaratory judgments are available as a matter of judicial discretion, not as of right." *Allnet Commc'n Serv., Inc. v. Nat'l Exchange Carrier Ass'n*, 965 F.2d 1118, 1121 (D.C. Cir. 1992), citing 28 U.S.C. § 2201 ("any court of the United States . . . *may* declare the rights and other legal relations of any interested part seeking such declaration") (emphasis added).

Court risks encroaching not only on the Commission and its ongoing modification proceeding, but on the original and exclusive authority of district courts to adjudicate patent infringement disputes, 28 U.S.C. § 1338, where Chamberlain would be a necessary party.

The relief requested by One World is especially disruptive to the orderly administration and enforcement of Commission exclusion orders in several ways. First, One World seeks *modification* of a claim construction that it agreed to in earlier Commission proceedings.[5] One World has offered no authority for Customs—or this Court sitting in review of Customs' ruling here—to modify Commission orders. To change a claim construction is to collaterally attack the construction adopted by the Commission. Congress has provided the Commission with exclusive authority to modify its orders. 19 U.S.C. § 1337(k).

Second, One World has offered no authority under section 1581(h) or under any other statute for its requests for declaratory rulings by this Court that would go beyond the issues upon which Customs was authorized to rule with respect to the 936 articles it excluded. In particular, One World offers no authority in support of its request for a judicial declaration that "the '319 patent would be invalid over prior art" based on Customs' interpretation. Am. Compl. ¶ 66. The Commission is unaware of any authority for this Court to address matters of patent invalidity in connection with, or ancillary to, Customs protests.

Third, this civil action does not present unusual facts or circumstances. The limited exclusion order is routine in form, and One World fully participated in the Commission

---

[5] One World did not challenge the ALJ's construction of the "digital data bus" limitation in its petition to the Commission for review of the ALJ's findings. *Certain Access Control Sys. and Components Thereof*, Inv. No. 337-TA-1016, Resp'ts Pet. for Rev. 44-55 (Nov. 6, 2017) (public version) (EDIS Doc. ID No. 629838). "Any issue not raised in a petition for review will be deemed to have been abandoned by the petitioning party and may be disregarded by the Commission in reviewing the initial determination . . . ." 19 C.F.R. § 210.43(b)(2).

proceedings that led to the order's issuance.  One World's irreparable harm showing, as will be

discussed further below, is unusually weak and wholly speculative.  The products in question,

garage door openers, do not warrant special treatment because of some paramount public

interest.  Should the Court move forward and exercise authority under section 1581(h), it will

discourage parties from seeking appropriate relief and modification at the Commission in many

future cases, contrary to Congress's direct intent set forth in section 337(k), 19 U.S.C. § 1337(k).

Adjudged infringers would likely be drawn instead to this Court where patentees' participation is

limited as to section 1581(a) because of 28 U.S.C. § 2631(j)(1)(A).

### 2. One World Has Failed to Show Irreparable Harm Under 28 U.S.C. § 1581(h)

Review under section 1581(h) "is available only under exceptional circumstances."  *Otter*

*Prods., LLC v. United States*, 37 F. Supp. 3d 1306, 1316 (Ct. Int'l Trade 2014) (quotation

omitted).  To invoke jurisdiction under section 1581(h), One World must demonstrate that it will

suffer irreparable harm unless judicial review is obtained prior to importation.  *Id.* at 1318; *see*

28 U.S.C. § 1581(h); *see also Milecrest Corp. v. United States*, 264 F. Supp. 3d 1353, 1363-64

(Ct. Int'l Trade 2017); *Eaton Corp. v. United States*, 395 F. Supp. 2d 1314, 1324-25 (Ct. Int'l

Trade 2005).

This Court has explained the type of irreparable harm that must be shown:  "The

irreparable harm contemplated by section 1581(h) is the harm that may be visited upon an

importer by requiring the importation of merchandise and requiring the importer to go through

the administrative process of protesting its exclusion" and *not* "the possible harm of the

exclusion."  *Manufacture de Machines du Haut-Rhin v. von Raab* ("*Manurhin*"), 569 F. Supp.

877, 881 (Ct. Int'l Trade 1983).   The party seeking jurisdiction under section 1581(h) "must

demonstrate by clear and convincing evidence that there is an immediate threat that the harm *will*

occur, not just an immediate threat that the harm *could* occur, *i.e.*, that he would be irreparably harmed unless given the opportunity to obtain judicial review prior to importation." *Otter Prods.*, 37 F. Supp. 3d at 1317 (quotations omitted; emphasis in original).

The standard for demonstrating irreparable harm is exacting. Even in connection with preliminary injunctions (in which irreparable harm is a single factor), "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." 11A Charles Alan Wright *et al.*, Federal Practice & Procedure § 2948.1, at 129 (3d ed. 2013), "Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("It is well settled that economic loss does not, in and of itself, constitute irreparable harm."). Likewise, irreparable harm may not be predicated on the consequences of possible exclusion of the products on lost profits, lost opportunities to make agreements for sale of its product, lost good will, or tarnished good name. *CPC Int'l, Inc. v. United States*, 896 F. Supp. 1240, 1246 (Ct. Int'l Trade 1995) (citing *Manurhin*, 569 F. Supp. at 881).

Following that exacting standard, the Federal Circuit, in *Standard Havens Products, Inc. v. Gencor Industries, Inc.,* granted the accused infringer's motion to stay a judgment pending appeal because its "Executive Vice President and independent accountant" declared that "without a stay it is likely to suffer irreparable harm in the form of [hundreds of] employee layoffs, immediate insolvency, and, possibly, extinction." 897 F.2d 511, 515 (Fed. Cir. 1990). Even so, the Court still considered the award of a stay to be "a close question." *Id.* at 516.

In the present case, One World is part of an enormous multinational conglomerate with $6 billion in annual sales, $2 billion in gross profit, and operating income of more than $500

million per year.[6] One World's garage door opener products, whether wired or wireless, represent only a tiny fraction of the hundreds of "power tools" and other products that One World imports and sells in the United States. *See* Mot. at 25.[7] For example, Ryobi alone, which is just one of at least eleven brands in the One World / Techtronic group of companies and the maker of the garage door openers in question, sells in excess of 150 power tools, accessories, and other systems.[8] None of these other products or brands is affected by the remedial orders in the Commission investigation. This is why One World does not allege any harm to its overall business operations (there is no material harm), but only on the alleged harm to sales of a few specific products (which Customs has found to infringe).

In the present civil action, One World urges the Court to look only to the harm caused to the specific products alleged to infringe, *i.e.*, One World's ability to sell certain garage door openers: By One World's reasoning, many, if not most, infringers would be irreparably harmed by the inability to sell the subject merchandise. That is not the law. *Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006). Any such finding would greatly hamper the Commission's administration of its orders, should irreparable harm become as routine and unexceptional as One World would make it.

In addition, One World's allegations of irreparable harm are wholly speculative, and are predicated entirely on unsubstantiated allegations about what One World's customer Home Depot would do in reaction to the exclusion of future shipments of the garage door opener

---

[6] http://www.hoovers.com/company-information/cs/company-profile.techtronic_industries_company_limited.626d34d5eeb992c2.html (last visited Oct. 10, 2018).

[7] http://www.ttigroup.com/en/our_brands/ (identifying multiple brands, product lines, and products) (last visited Oct. 10, 2018).

[8] https://www.ryobitools.com/products/list/family/one-plus?page=3# (last visited Oct. 10, 2018).

systems in question.[9]  Should the Court not dismiss One World's attempted exercise of section

1581(h), the Commission requests that the Court afford the United States the opportunity to

obtain testimonial and written discovery from Home Depot and from One World as to the

speculative allegations of irreparable harm.

The Commission notes that, in recently denying One World's request for a stay of its

remedial orders pending ongoing appeal in the Federal Circuit, the Commission has already

found that irreparable harm has not been shown based on the same speculative showing.  Ex. 1.

Should the Court accept One World's invitation to invoke jurisdiction under section 1581(h), that

exercise would not be limited to cases of "exceptional circumstances" as required, *Otter Prods.*,

37 F. Supp. 3d at 1316.  Instead, it would become routine, in contravention of the purpose and

scope of section 1581(h) and highly disruptive to the Commission's ability to enforce its orders.

### B.    This Court Should Dismiss the Declaratory Judgment Count on the Basis of Primary Jurisdiction

The primary jurisdiction doctrine provides an agency with the first opportunity to decide

an issue.  The U.S. Court of Appeals for the District of Columbia Circuit has explained:

> A district court may dismiss a suit on the ground that an agency has primary jurisdiction over it, i.e., that the agency is best suited to make the initial decision on the issues in dispute, even though the district court has subject matter jurisdiction.  . . . This doctrine is rooted in the teaching that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over.

*American Ass'n of Cruise Passengers v. Cunard Line, Ltd.,* 31 F.3d 1184, 1186 (D.C. Cir. 1994)

(modifications, quotations, and citations omitted). "The primary jurisdiction doctrine rests both

---

[9] As the Commission cannot, and has not, moved to intervene as to the section 1581(a) Customs protest, the Commission does not opine on One World's analogous arguments as to the protested entry in connection with the preliminary relief sought by One World under 28 U.S.C. § 1581(a).

on a concern for uniform outcomes (which may be defeated if disparate courts resolve regulatory issues inconsistently), . . . and on the advantages of allowing an agency to apply its expert judgement." *Allnet Commc'n Serv., Inc. v. National Exch. Carrier Ass'n*, 965 F.2d 1118, 1120 (D.C. Cir. 1992) (citations omitted).

The primary jurisdiction doctrine applies "particularly when the issue involves technical questions of fact uniquely within the expertise and experience of an agency." *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 304 (1976). "Expertise, of course, is not merely technical but extends to the policy judgments needed to implement an agency's mandate." *Allnet*, 965 F.2d 1120.

This case strikes at the heart of the primary jurisdiction doctrine. As discussed above, for more than ninety years, the Commission has been charged with investigating "unfair methods of competition and unfair acts in the importation of articles." Tariff Act of 1922, Pub. L. No. 318, § 316, *codified as reenacted and amended at* 19 U.S.C. § 1337 ("section 337"). The underlying dispute, on collateral challenge here, involves issues of patent infringement that were the subject of extensive proceedings at the Commission. The Commission's Administrative Law Judge oversaw discovery, conducted a hearing (*i.e.*, a bench trial) with an 1100 page trial transcript, and issued a 305-page opinion with initial determinations on these issues. After weighing the voluminous petitions and briefing from the parties, the Commission issued its own opinion on these issues. The voluminous administrative record is comprised of more than three hundred trial exhibits as well as numerous pre-trial and post-trial motions, briefs, and orders.

One World's challenge here reaches judgments that fall uniquely within the Commission's expertise and experience. The Commission has exclusive authority to investigate unfair practices (including patent infringement) under the trade laws, and to set the appropriate

scope of its remedial orders, recognizing that adjudged infringers may be likely to try to evade their scope.[10] The Commission also has the exclusive authority to modify its own decisions, as provided in its own organic statute, 19 U.S.C. § 1337(k).

Moreover, any decision by this Court risks creating conflict later. CBP itself recognizes that is decisions are subject to later contrary determinations by the Commission: "In the event a later-issued Commission determination includes conclusions of law or findings of fact that conflict with a prior-issued ruling by CBP under 19 C.F.R. part 177 or a prior-issued protest decision by CBP under 19 C.F.R. part 174, the later-issued Commission determination, will by operation of law, modify or revoke the ruling or protest review decision by CBP." Amended Compl. Ex. F at 21 (Customs' denial of protest, dated Sept. 7, 2018). Should this Court find for One World and the Commission for Chamberlain—or vice versa—the rights and obligations of the parties will be called into question, with two separate Federal Circuit appeals on different records, at different times, and with different parties. How a Commission determination on modification is to be reconciled with any judicial decision from this Court in the instant

---

[10] The Commission has "broad discretion in fashioning the form, scope, and extent of its remedial orders." *Viscofan, S.A. v. U.S. Int'l Trade Comm'n*, 787 F.2d 544, 548 (Fed. Cir. 1986). *Viscofan* held that the Supreme Court's discussion of the Federal Trade Commission's wide discretion in fashioning a remedy is "equally applicable" to the Commission. *Id.* (quoting *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 611-13 (1946)). The Supreme Court explained that the Federal Trade Commission's remedial authority should be construed broadly so the agency can craft an effective remedy. *FTC v. Ruberoid Co.*, 343 U.S. 470, 473-75 (1952). That remedial authority therefore is "not limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past. If the Commission is to attain the objectives Congress envisioned, it cannot be required to confine its road block to the narrow lane the transgressor has traveled; it must be allowed effectively to close all roads to the prohibited goal, so that its order may not be by-passed with impunity." *Id.* at 473. *See generally, e.g.*, *Hyundai Elecs. Indus. Co. v. U.S. Int'l Trade Comm'n*, 899 F.2d 1204, 1210 (Fed. Cir. 1990); *Cisco Sys., Inc. v. Int'l Trade Comm'n*, 873 F.3d 1354, 1363 (Fed. Cir. 2017) ("Courts will not interfere in the Commission's remedy determination except when the remedy selected has no reasonable relation to the unlawful practices found to exist.").

collateral proceeding will likely present questions of first impression for both the Commission

and the Federal Circuit. Without expressly citing the primary jurisdiction doctrine, this Court

has nonetheless deferred to the Commission's ongoing proceedings, "recogniz[ing], as it must,

that the Commission has paramount authority and responsibility under section 337 of the Tariff

Act." *Eaton*, 395 F. Supp. 2d at 1327.

The fact that the Commission modification proceeding will not be completed until June

2019 does not weigh against the application of primary jurisdiction. In particular, the caselaw

demonstrates that referral to agencies – whether to conduct rulemakings or adjudications –

within one year or less (depending on the complexity of the issues to be adjudicated, and whether

expedited relief is requested), does not constitute undue delay. In *Total Telecommunications

Services, Inc. v. American Telephone & Telegraph Co.*, 919 F. Supp. 472 (D.D.C. 1996), for

example, the district court denied a request for a preliminary injunction and instead dismissed the

case on the basis of primary jurisdiction. *Id.* at 482. "When the duration of the administrative

process is short [in that case, within 15 months], the case for deferring to the agency is great."

*Id.* The Court explained that the plaintiff had contributed to the delay by proceeding in the

district court rather than before the agency, and noted that administrative action was expected

within 12-15 months. *Id.* The Court of Appeals for the District of Columbia Circuit affirmed,

explaining: "As the district court correctly found, adjudication of this dispute would require the

resolution of policy questions and technical questions . . . that the Communications Act has

vested in the [FCC]. . . . Because the Commission has primary jurisdiction, it was appropriate

for the district court to dismiss the case . . . without addressing appellants' application for

preliminary injunction . . . ." 99 F.3d 448 (Table), 1996 WL 590872, at *1 (Oct. 4, 1996)

(citations omitted).

Here, the period for the Commission's modification proceeding will be even shorter than in *Total Telecommunications*, and will be complete within eight months of this Motion. Any supposed delay was caused by One World, which chose not to raise the claim construction it now seeks during the Commission violation proceedings that resulted in the exclusion order. One World caused further delay by waiting more than four months from the time it sought a Customs ruling on its redesigned products before it requested a modification proceeding at the Commission (a request the Commission granted). Had One World timely sought modification from the Commission, the proceedings before the ALJ would have been concluding soon. Or, had One World promptly requested an advisory opinion from the Commission under 19 C.F.R. § 210.79(a), such an opinion would have already issued.

For the foregoing reasons, should the Court find that it has subject matter jurisdiction under section 1581(h) over any portion of this civil action, the Court should respect the Commission's primary jurisdiction over One World's dispute. Given the lack of any dispute about the Commission's jurisdiction to resolve One World's dispute, the Commission believes that dismissal without prejudice is warranted. *See, e.g.*, *United States v. Michigan Nat'l Corp.*, 419 U.S. 1, 5 (1974) ("Dismissal rather than a stay has been approved where there is assurance that no party is prejudiced thereby."); *Allnet*, 965 F.2d at 1123 ("Although courts often apply the primary jurisdiction doctrine by holding the lawsuit in abeyance so that the parties may turn to the relevant agency, . . . we see no need to do so here" because "we can discern no present prejudice to either party from dismissal.") (citations omitted). Dismissal is in the interest of efficient judicial administration, because any review of a Commission modification proceeding should be made by the the Federal Circuit, pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. § 1295(a)(6), as opposed to collaterally by this Court.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, One World's claim for declaratory relief (Amended Complaint, Count II) and any other relief (if any) predicated upon section 1581(h) should be dismissed, pursuant to CIT Rule 12(b), and the civil action should be limited to section 1581(a). A proposed order is attached to this motion.  In the alternative, the Court should recognize the Commission's primary jurisdiction over the declaratory relief sought by One World, and dismiss Count II, limiting the civil action to section 1581(a).[11]

Respectfully submitted,

Dated: October 12, 2018          By:     /s/ Sidney A. Rosenzweig                      
DOMINIC L. BIANCHI
General Counsel
SIDNEY A. ROSENZWEIG
Acting Assistant General Counsel
U.S. International Trade Commission
Office of the General Counsel
500 E Street, S.W.
Washington, D.C.  20436
Phone:  202-708-2532
E-mail:  sidney.rosenzweig@usitc.gov

---

[11] Because the Commission lacks the ability to intervene as to section 1581(a), the Commission has not presented arguments concerning the application of the primary jurisdiction doctrine to the portion of the civil action brought under section 1581(a).

# EXHIBIT 1

COMMISSION NOTICE (OCT. 10, 2018)

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN ACCESS CONTROL SYSTEMS AND COMPONENTS THEREOF** | **Investigation No. 337-TA-1016** |

## NOTICE OF DETERMINATION TO DENY RESPONDENTS' MOTION FOR PARTIAL STAY OF REMEDIAL ORDERS

**AGENCY**:     U.S. International Trade Commission.

**ACTION**:      Notice.

**SUMMARY**: Notice is hereby given that the U.S. International Trade Commission has determined to deny Respondents' motion for partial stay of the remedial orders in the above-captioned investigation.

**FOR FURTHER INFORMATION CONTACT**: Carl P. Bretscher, Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone 202-205-2382. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *https://www.usitc.gov.* The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov.* Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION**: The Commission instituted this investigation on August 3, 2016, based on a Complaint filed by the Chamberlain Group ("Chamberlain") of Elmhurst, Illinois. 81 FR 52713 (Aug. 9, 2016). The Complaint alleged that Respondents were violating Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"), by importing, selling for importation, or selling in the United States after importation garage door opener products ("GDOs") that infringe certain claims of U.S. Patent No. 7,161,319 ("the '319 patent"), U.S. Patent No. 7,196,911 ("the '611 patent"), and U.S. Patent No. 7,339,336 ("the '336 patent"). The '319 patent is the only patent presently at issue, as it is the only patent the Commission has found to be valid and infringed.

The Commission's Notice of Investigation named Techtronic Industries Co., Techtronic Industries North America, Inc., One World Technologies, Inc., and OWT Industries, Inc., and ET Technology (Wuxi) Co. (collectively, "Techtronic") as Respondents. Ryobi Technologies, Inc. was initially named a Respondent, but was later terminated. Notice (Nov. 7, 2016) (*see* Order No. 6). The Office of Unfair Import Investigations is not a party to the investigation.

On July 12-13, 2017, the ALJ held an evidentiary hearing with respect to the '319 patent. On October 23, 2017, the ALJ issued his final initial determination ("ID"), in which he found the patent was infringed by Techtronic's accused GDOs and not obvious. ID at 130-41, 144, 151-212. The Commission adopted (by not reviewing) the ALJ's infringement determination and reviewed only his non-obviousness determination. 82 FR 61792 (Dec. 29, 2017). On March 23, 2018, the Commission determined to affirm his findings of non-obviousness, found Techtronic in violation of Section 337, and entered a limited exclusion order and cease-and-desist orders. 83 FR 13517 (Mar. 29, 2018). The President did not disapprove of the Commission's remedial orders. The Commission's final determination is presently on appeal.

Techtronic claims to have redesigned its original accused GDOs to avoid infringement. On August 2, 2018, Techtronic petitioned the Commission to institute a modification proceeding to determine whether their allegedly redesigned GDOs infringe the '319 patent and are covered by the remedial orders issued in this investigation. On August 13, 2018, Chamberlain filed its opposition to this Petition. The Commission determined to institute the requested proceeding, delegated the matter to the Chief ALJ for assignment, and directed that a recommended determination ("RD") be issued within six (6) months. 83 FR 45676-77 (Sept. 10, 2018). The Chief ALJ, who is presiding over this modification proceeding, recently set a procedural schedule in accordance with the Commission's directive. Order No. 40 (Sept. 24, 2018) (setting date for issuance of the RD as March 11, 2019).

On September 12, 2018, Techtronic filed an Emergency Motion for Partial Stay of Remedial Orders in the U.S. Court of Appeals for the Federal Circuit. Both the Commission and Chamberlain filed their oppositions to Techtronic's stay motion on September 20, 2018. Techtronic filed its reply in support of its motion on September 25, 2018.

On September 13, 2018, Techtronic filed a similar Motion for Partial Stay of Remedial Orders ("Motion") in the Commission. Techtronic is requesting that the Commission stay its remedial orders with respect to its redesigned GDOs pending appeal of the Commission's remedial orders. Chamberlain filed its opposition to Techtronic's Motion on September 24, 2018.

Upon review of the parties' submissions, the Commission has determined to deny Techtronic's Motion for Partial Stay of Remedial Orders in the above-captioned investigation. *See* 5 U.S.C. § 705. The standard for a stay at the agency level has been construed to be "the same as the standard for a stay at the judicial level: each is governed by the four-part preliminary injunction test."[1] *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 30 (D.D.C. 2012). Without prejudicing the ultimate disposition of the modification proceeding,[2] the Commission finds that

---

[1] Techtronic did not argue that an "admittedly difficult legal question" warrants a stay. *See Certain Agricultural Tractors Under 50 Power Take-Off Horsepower*, Inv. No. 337-TA-380, Comm'n Op. Denying Resp'ts' Pet. for Reconsideration and Mot. for Relief Pending Appeal 10 (Apr. 25, 1997).

[2] Techtronic's Motion does not assert that the Commission's findings in the violation investigation are incorrect. Rather, Techtronic relies upon arguments it plans to present in the ongoing modification proceedings. As a result, Techtronic has not made any showing of a

Techtronic's allegations of irreparable harm are both insufficient and too speculative to support a stay. *Compare Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 515-16 (Fed. Cir. 1990); *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991). Techtronic has also failed to demonstrate that the balance of hardships tips in its favor, and that the public interest supports the extraordinary relief of a stay.

The authority for the Commission's determination is contained in Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. 1337), and in part 210 of the Commission's Rules of Practice and Procedure (19 CFR part 210).

By order of the Commission.

Lisa R. Barton
Secretary to the Commission

Issued: October 10, 2018

---

likelihood of success on the merits of the appeal for which the stay is sought.

<p style="text-align:center"><strong>CERTIFICATE OF SERVICE</strong>

I, Sidney A. Rosenzweig, hereby certify on this 12th day of October 2018 that the **U.S. INTERNATIONAL TRADE COMMISSION'S PARTIAL MOTION TO DISMISS** was filed electronically.  Pursuant to the Court's Administrative Order 02-01, this filing constitutes electronic service on all of the parties participating in this civil action.

/s/ Sidney A. Rosenzweig
Sidney A. Rosenzweig
Attorney for U.S. Int'l Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 708-2532
sidney.rosenzweig@usitc.gov