UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: JENNIFER CHOE-GROVES, JUDGE

_____

|  |  |  |
|---|---|---|
| ONE WORLD TECHNOLOGIES, INC., | : | |
|  | : | |
| Plaintiff, | : | Court No. 18-00200 |
|  | : | |
| v. | : | |
|  | : | |
| UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, | : | |
|  | : | |
| Defendants. | : | |

_____:

## **ORDER**

Upon consideration of defendants' motion for correction and/or clarification, the parties' respective responses thereto, and upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that defendants' motion be, and hereby is, granted.

_____
JENNIFER CHOE-GROVES, JUDGE

Dated: _____ , 2018
   New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

_____

| | | |
|---|---|---|
| ONE WORLD TECHNOLOGIES, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 18-00200 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, | : : : : : | |
| | : | |
| Defendants. | : | |

_____

**<u>DEFENDANTS' MOTION FOR CORRECTION AND/OR CLARIFICATION</u>**

Pursuant to Rule 60(a) of the Rules of the United States Court of International Trade, defendants, United States *et al.* (Government), respectfully submit this Motion for Correction and/or Clarification of the Court's Opinion (Slip Op. 18-173) and Order (ECF no. 72). As explained below, the Government notes an error in the Court's Opinion and Order that warrants correction and/or clarification.

The Court relied upon a declaration it excluded from the record. Specifically, the Court cites a rejected document—Mark Huggins's supplemental declaration of December 7, 2018—in support of its finding of irreparable harm. Slip Op. at 14 ("In a subsequently-submitted declaration, Mr. Huggins states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Decl. Mark Huggins ¶¶ 6–7, Dec. 7, 2018, ECF No. 63-1."). Without this declaration, the Court is left only with Mr. Huggins's self-serving and uncorroborated testimony at the preliminary injunction

hearing, which plaintiff One World Technologies, Inc. (One World) later conceded was inaccurate as to the quantities of merchandise already in the United States. *See* Pl.'s Mot. for Leave to Supplement at 2 ("Mr. Huggins' declaration merely explained The Home Depot had more inventory of GD126s than he had originally estimated when Defendants' questioned him regarding this topic on cross-examination.") (ECF no. 63).

"One World move[d] for leave to supplement the record with the declaration of Mr. Huggins accompanying this paper." Pl.'s Mot. for Leave to Supplement at 3. The Government opposed One World's motion on the basis that Mark Huggins's supplemental declaration was untimely, speculative, constituted inadmissible hearsay, and was prejudicial to the Government. Defs.'s Resp. to Pl.'s Mot. for Leave to Supplement (ECF no. 69). The Court denied One World's motion for leave to supplement the record. Order at 2 ("Plaintiff's Motion for Leave to Supplement, ECF No. 63, is denied."). When a motion to supplement the record is denied, the requested supplementation is not part of the evidentiary record and may not be relied on by the parties or considered by the Court. *Cf. Colonial Chevrolet Co. v. United States*, 139 Fed. Cl. 599, 604-06 (2018) (granting plaintiffs' motion to supplement the evidentiary record, which, in turn, allowed "the court [to] consider" an expert report, deposition excerpts, and exhibits). Accordingly, the Government respectfully submits that it was erroneous for the Court to cite the excluded Huggins declaration in support of its finding of irreparable harm.

For all of these reasons, the Government respectfully requests that the Court grant its Motion for Correction And/Or Clarification of the Court's Opinion and Order of December 14, 2018.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

/s/ Amy M. Rubin
By:   AMY M. RUBIN
Assistant Director
International Trade Field Office

/s/ Guy Eddon
GUY EDDON
EDWARD F. KENNY
Trial Attorneys
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 0480
*Attorneys for Defendants*

Dated: December 18, 2018

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., | |
| Plaintiff, | Court No. 18-00200 |
| v. | |
| UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, | |
| Defendants. | |

## **CERTIFICATE OF COMPLIANCE**

I, Guy Eddon, a Trial Attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's Motion for Correction And/Or Clarification, relying upon the word count feature of the word processing program used to prepare the motion, certify that this brief complies with the word count limitation under the Court's chambers procedures, and contains 465 words.

/s/ Guy Eddon