# Exhibit A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is executed by and between One World Technologies, Inc. ("One World") and The United States of America, United States Department of Homeland Security, and United States Customs and Border Protection ("Customs") (collectively referred to herein as "Government"), on this 1st day of May, 2019 (the "Effective Date"). One World and the Government shall be collectively referred to herein as the "Parties" and may be referred to individually as "Party."

## BACKGROUND

WHEREAS, Customs, pursuant to its interpretation of the Limited Exclusion Order ("LEO") issued by the U.S. International Trade Commission ("Commission") in Investigation No. 337-TA-1016 ("Violation Proceeding") set forth in HQ H295697, denied entry for consumption of One World's redesigned Ryobi Ultra-Quiet Garage Door Opener Model No. GD126 ("Redesigned GDO"), which was given entry number 442-7562994, and subsequently denied One World's protest for this shipment for the reasons set forth in HQ H300129.

WHEREAS, One World brought a first action against the Government in the United States Court of International Trade ("CIT"), Case No. 18-cv-00200, seeking reversal of the protest denial and release of entry number 442-7562994 because the Redesigned GDOs allegedly did not infringe U.S. Patent No. 7,161,319 (the "'319 patent").

WHEREAS, Customs later detained four additional shipments of One World's Redesigned GDOs, which were given entry numbers 442-75658274, 442-75658266, 442-75661187, and 442-75661948.

WHEREAS, One World brought a second action against the Government in the CIT, Case No. 19-cv-00017, seeking a declaration that the Redesigned GDOs do not infringe the '319 patent and an order that the Government release the four detained shipments of Redesigned GDOs.

WHEREAS, the CIT permitted the Commission and The Chamberlain Group, Inc. ("Chamberlain") to intervene in Case No. 19-cv-00017 as defendant-intervenors. The Commission was permitted to intervene only with respect to jurisdiction.

WHEREAS, the Government contests the jurisdiction of the CIT in Case No. 19-cv-00017.

WHEREAS, the Commission, Chamberlain, and the Government filed notices of appeal with the United States Court of Appeals for the Federal Circuit, Appeal No. 19-1663 (lead case), contesting the CIT's entry of a preliminary injunction in Case No. 19-cv-00017.

WHEREAS, One World petitioned for a modification proceeding at the Commission, Investigation No. 337-TA-1016M ("Modification Proceeding"), and the Chief Administrative Law Judge ("Chief ALJ") found that the Redesigned GDOs did not infringe the '319 patent and recommended that the LEO issued by the Commission in the Violation Proceeding be modified so as to not apply to the Redesigned GDOs ("Recommended Determination").

WHEREAS, One World intends to import additional shipments of Redesigned GDOs after the Execution Date of this Agreement.

NOW, THEREFORE, for and in consideration of the covenants and agreements contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

# 1 COVENANTS AND AGREEMENTS

1.1 **Case No. 18-cv-00200.** The Parties will jointly move to stay Case No. 18-cv-00200 until the Termination of this Agreement.

1.2 **Case No. 19-cv-00017.** The Parties will jointly move to dismiss Case No. 19-cv-00017 and the Government's appeal thereof. To the extent immediate dismissal of Case No. 19-cv-00017 cannot be obtained due to, for example, the pending appeals by the Commission and Chamberlain, the Parties agree to cooperate to obtain dismissal of Case No. 19-cv-00017 and any appeals therefrom as soon as practicably possible. With regard to Case No. 19-cv-00017, One World's claim under 28 U.S.C. § 1581(i) with respect to Entry Nos. 442-75658274, 442-75658266, 442-75661187, and 442-75661948 will be dismissed with prejudice. One World's claim under 28 U.S.C. § 1581(h) will be dismissed without prejudice.

1.3 **Release of Detained Merchandise.** Upon the Parties' execution of this Agreement and the expeditious filing of a Joint Motion to Dismiss Case No. 19-cv-00017 and/or the Government's appeal thereof, whichever comes first, the Government agrees to conditionally release Entry Nos. 442-75658274, 442-75658266, 442-75661187, and 442-75661948 for consumption into the United States within three (3) business days of One World's posting of a single transaction bond for each of the four entries, equal to or in excess of 35% of the entered value of the Redesigned GDOs, and the payment by One World of all applicable duties, costs, and fees, including storage fees, that have accrued for that entry. This bond requirement is in addition to any other bond requirement that otherwise applies to the merchandise covered by these entries. The conditional release of any merchandise pursuant to this Agreement will be extended until the Termination of the Agreement.

1.4 **Seized Merchandise.** With respect to seized Redesigned GDOs, including but not limited to those covered by Entry Nos. 442-75662557 and 442-75665436, One World and the Government agree to follow the processes for seized goods outlined in the seizure notices received by One World. No representations are made regarding the disposition of entries that have been seized prior to the Effective Date of this Agreement.

1.5 **Release of Future Entries.** The Government agrees that all future entries of Redesigned GDOs, Model No. GD126 and Model No. GD201, will be conditionally released for consumption into the United States within thirty (30) days of One World's posting of a single transaction bond equal to or in excess of 35% of the entered value of the Redesigned GDOs, and upon compliance with the standard requirements for entry, including but not limited to the payment of estimated duties, fees, and charges. This bond requirement is in addition to any other bond requirement that would otherwise apply to such entries. The conditional release of any Redesigned GDOs pursuant to this Agreement will be extended until the Termination of the Agreement. Customs reserves its rights to inspect merchandise

covered by these entries for any other violation of law or regulation, in which event Customs may refuse to conditionally release such merchandise for consumption into the United States.

1.6 **Commencement and Termination of this Agreement.** This Agreement shall commence as of the Effective Date and shall terminate upon the finality of any appeals of the Commission's issuance of a Final Determination in the Modification Proceeding or, if no appeal is taken, once the time to file an appeal of the Commission's Final Determination has expired. Customs agrees that, should the Commission determine not to review the Chief ALJ's Recommended Determination or issue a Final Determination in the Modification Proceeding holding that the Redesigned GDOs are not subject to the LEO issued in the Violation Proceeding, Customs will not make a demand under any single transaction bonds posted pursuant to this Agreement. One World agrees that, should the Commission's Final Determination in the Modification Proceeding hold that the Redesigned GDOs are subject to the LEO issued in the Violation Proceeding, One World will redeliver to Customs all Redesigned GDOs that have been conditionally released for consumption into the United States pursuant to this Agreement, or forfeit the single transaction bonds posted pursuant to this Agreement for the Redesigned GDOs that are not redelivered to Customs.

## 2 MISCELLANEOUS

2.1 **No Admission of Liability or Strength of Claims and Defenses.** The Parties acknowledge that this Agreement is a compromise and settlement of disputed claims and that such compromise and settlement shall not be taken as an admission of liability on the part of any Party, but rather, any such liability is expressly denied. The Parties further acknowledge that this Agreement shall not be taken as an admission as to the CIT's jurisdiction or as to the strength or weakness of any claim or defense in Case Nos. 18-cv-00200 and/or 19-cv-00017. Except as otherwise provided herein, this Agreement, any of the terms of this Agreement, and the fact that a settlement occurred shall not be offered or received in evidence in any action or proceeding, or be otherwise used, as an admission of concession of liability or wrongdoing of any nature on the part of any of the Parties hereto.

2.2 **Federal Income Taxes.** This Agreement is in no way related to or concerned with any Federal income taxes collectible by the United States for which any entity may in the future be liable to the United States.

2.3 **Attorneys' Fees.** Each Party will bear its own attorneys' fees and litigation expenses incurred in Case No. 18-cv-00200 and Case No. 19-cv-00017.

2.4 **Reservation of Rights.** By entering into this Agreement, the Parties have not waived any right, claim, cause of action, or defense, except as expressly stated herein.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

**One World Technologies, Inc.**

By: _[signature]_
Name: Preston E. Powell
Title: Treasurer
Date: 5/1/19

**U.S. Department of Justice**

By: Jeanne E. Davidson by _[initials]_
Name: Jeanne E. Davidson
Title: Director, Commercial Litigation Branch
Date: May 1, 2019

**U.S. Customs and Border Protection**

By: Charles R. Steuart
Name: CHARLES R. STEUART
Title: CHIEF, IPR BRANCH
Date: May 1, 2019

4